## Walter A. Mintzer's Estate. Appeal of Edward L. Mintzer, Sr., Guardian.

*Guardian and ward—Revocation of appointment—Costs.*

A person had himself appointed guardian for a minor with full knowledge that a guardian had already been appointed in another county. He then applied to the orphans' court of the other county to have the first guardian removed, but failed in his application. Upon the application of the first guardian, the orphans' court of the county appointing the second guardian revoked the appointment upon condition that the second guardian's costs in the proceeding in both counties should be paid by the first guardian. *Held,* that the revocation of the appointment should have been without condition or qualification.

Argued Feb. 16, 1894. Appeal and certiorari, No. 299, Jan. T., 1894, by Edward L. Mintzer, Sr., guardian of the person, and Francis H. Thole, guardian of the estate, of Walter A. Mintzer, a minor, from decree of O. C. Delaware Co., Nov. T., 1892, vacating appointment of Horace P. Green as guardian. Before STERRETT, C. J., GREEN, MITCHELL and FELL, JJ. Reversed.

Petition for revocation of appointment of guardian. Before CLAYTON, P. J. (Cf. Mintzer's Est., 2 Dist. R. 584.)

The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree as recited in opinion of Supreme Court, quoting it.

*William W. Kerr* and *Garret E. Smedley,* for appellants.—
The judgment and decree of the orphans' court of Philadel-
phia was that of a court of competent jurisdiction, and the
appellees were estopped from disputing its legality in the sub-
sequent proceeding in the orphans' court of Delaware county,
and the orphans' court in Delaware county was bound to ac-
cept and regard it.

The orphans' court of Delaware county had no control over
the costs in the orphans' court of Philadelphia county, and the
decree, if carried into effect, would compel appellants to be-
come personally responsible for the costs.

*V. Gilpin Robinson* and *A. Lewis Smith,* for appellees.—The
question of costs in all proceedings in the orphans' court, as
in all equitable proceedings, is one entirely discretionary with
the court: Stokeley's Est., 19 Pa. 476; Cobb's Est., 2 Leg.
Reg. 29; Gyger's Ap., 62 Pa. 73.

The costs are imposed upon the petitioners as guardians and
not personally, or the decree may be so modified.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 1, 1894:

In March, 1893, the Orphans' Court of Philadelphia appointed
one of the appellants, Edward L. Mintzer, Sr., guardian of the
person, and Francis H. Thole, the other appellant, guardian of
the estate of Walter A. Mintzer, a minor under the age of four-
teen years. As directed by the court, said guardian of the
estate gave bond with security in the sum of sixty thousand
dollars. A few days thereafter, the appellee, Horace P. Green,
was appointed guardian of the person and estate of same minor
by the Orphans' Court of Delaware county, and thereupon pre-
sented his petition to the Orphans' Court of Philadelphia, deny-
ing the authority of said court to make the first mentioned
appointments. Testimony was taken, and the matter was so
proceeded in that the jurisdiction of the Orphans' Court of
Philadelphia in the premises was fully sustained. Appellants
then petitioned the Orphans' Court of Delaware county to re-
voke the appointment of appellee, as guardian, etc. That ap-
plication resulted in the following decree of November 9, 1893:
" that the appointment of the respondent, Horace P. Green, be
revoked upon the petitioners paying the costs of this proceed-
ing and of the proceedings in the Orphans' Court of Philadel-

phia for the revocation of the appointment of the petitioners, or indemnifying him against the same, and that thereupon his account appended to the answer be confirmed, and he be authorized to pay and transfer to the petitioner, Francis H. Thole, the balance in his hands."

. While appellants have assigned error to the entire decree, they do not complain of the first clause thereof, revoking appellee's appointment.  Their objections are restricted to the terms and conditions annexed to said revocation, viz: the payment of all costs, including the costs of appellee's fruitless litigation in the Orphans' Court of Philadelphia or his indemnification against the payment of the latter, and the confirmation of the account which he voluntarily appended to his answer in this proceeding, and in which he claims credit for $150 counsel fees, $100 to his surety as guardian, etc.

. There appears to be nothing in the facts or circumstances of the case, as disclosed by the record, to justify either of said terms and conditions.  The appellants were entitled to an unqualified revocation of appellee's appointment.  Before the latter undertook to act he was fully aware that the Orphans' Court of Philadelphia, upon the petition of the minor's paternal grandfather, had assumed jurisdiction and appointed guardians of his person and estate respectively.  With full knowledge of these facts, he asserted jurisdiction of the court that appointed him and denied the jurisdiction of the Orphans' Court of Philadelphia.  By presenting his petition to that court, he submitted himself to its jurisdiction; and for the purpose of this case the decree of that court, unappealed from, must be regarded as conclusive of the question of jurisdiction.

We are not aware of any rule that in such circumstances would justify the imposition of costs upon successful contestees, or warrant the unsuccessful contestant in claiming to be indemnified against the payment thereof.  As to the costs incurred in the Orphans' Court of Philadelphia, the jurisdiction of that court is primarily exclusive.  We are therefore of opinion that all the terms and conditions annexed to the decree revoking appellee's appointment were unauthorized.

So much of the decree as revokes and annuls the appointment of appellee, as guardian of the person and estate of said minor, is affirmed, and the residue of said decree is reversed and set aside, with costs to be paid by the appellee.